Matter of Harris (2019 NY Slip Op 01337)





Matter of Harris


2019 NY Slip Op 01337


Decided on February 21, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta, Presiding Justice, David Friedman, John W. Sweeny, Jr., Judith J. Gische, Angela M. Mazzarelli, Justices.


M-6375

[*1]In the Matter of Kendrick D. Harris, (admitted as Kendrick Demond Harris), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Kendrick D. Harris, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Kendrick D. Harris, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on February 15, 2012.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Vitaly Lipkansky, of counsel), for petitioner.
Pery D. Krinsky, Esq. for respondent.



PER CURIAM.


Respondent, Kendrick D. Harris, was admitted to the practice of law in the State of New York by the Second Judicial Department on February 15, 2012, under the name Kendrick Demond Harris. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee (Committee) commenced this disciplinary proceeding by a petition of charges dated January 24, 2018, alleging that respondent fraudulently sought to obtain ownership of a Harlem brownstone by participating in the creation of falsified documents which he filed with the New York City Register and the court in violation of the following New York Rules of Professional Conduct (22 NYCRR 1200.0) - rule 3.3(a)(1) (knowingly making a false statement of fact or law to a tribunal); rule 3.3(a)(3) (knowingly offering or using evidence that the lawyer knows to be false); rule 3.4(a)(4) (knowingly using perjured testimony or false evidence); Rule 3.4(a)(5) (participating in the creation or preservation of evidence when the lawyer knows that the evidence is false); rule 8.4(c)(engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); rule 8.4(d) (engaging in conduct that is prejudicial to the administration of justice); and rule 8.4(h) (engaging in any other conduct that adversely reflects on the lawyer's fitness as a lawyer). In his statement of disputed and undisputed facts, respondent admitted four of the charges but denied the remaining eight charges. By unpublished order of September 28, 2018, this Court sustained the four admitted charges and appointed a referee to conduct a hearing on the remaining charges and to make recommendation as to sanction.
Respondent now seeks an order, pursuant to 22 NYCRR 1240.10, accepting his resignation as an attorney and counselor-at-law licensed to practice law in the State of New York, and staying all present and future proceedings in this matter, including the 60-day requirement by which to complete the referee hearing pending this Court's determination of this motion. The Committee does not oppose the application and asks this Court to accept respondent's resignation.
Respondent acknowledges that he is the subject of disciplinary charges pending before this Court in this proceeding, and acknowledges that the charges include at least the following acts of misconduct: he fraudulently sought to obtain ownership of a Harlem brownstone by participating in the creation and filing of a fraudulent deed and related documents with the New York City Register; he created a fraudulent stipulation which purported to transfer ownership of the brownstone to himself; he misappropriated the notary stamps of two coworkers and misused those stamps to falsely notarize his signature and that of another on the fraudulent stipulation; and he filed the fraudulent stipulation with the Supreme Court, New York County, together with an affirmation wherein he falsely presented the fraudulent stipulation to the court as though it were genuine. Respondent attests that he cannot successfully defend against the charges based upon the facts and circumstances of his professional conduct as described herein.
Respondent also acknowledges that his resignation is freely and voluntarily rendered, without coercion or duress by anyone, and with full awareness of the consequences, including that this Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law. Notwithstanding that the pending disciplinary proceeding does not include charges that respondent willfully misappropriated or misapplied money or property in the practice of law, respondent submits his resignation subject to any further application by an Attorney Grievance Committee to any Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection and consents to the continuing jurisdiction of the Appellate Division to make such an order. Respondent understands that the order resulting from this
application and the records and documents filed in relation to the aforementioned charges, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
Respondent's affidavit of resignation conforms with 22 NYCRR 1240.10. Accordingly, respondent's motion should be granted to the extent of accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys, nunc pro tunc to December 7, 2018 (date of affidavit), subject to any further application by any Attorney Grievance Committee to any Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and the pending disciplinary proceeding, based on the Committee's petition of charges, should be discontinued in [*2]light of respondent's disbarment (Matter of Schlitt, 157 AD3d 103 [2d Dept 2017]).
All concur.
Order filed. [February 21, 2019]
Ordered that the motion is granted, petitioner's resignation is accepted and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to December 7, 2018. The pending disciplinary proceeding, based upon the Committee's petition of charges, is discontinued in light of respondent's disbarment.